CLERK'S OFFICE U.S. DIST. CO
AT ABINGDON, VA
FILED
OCT 14 2005
JOHN F. CORCORAN, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| RALPH O'QUINN,<br>    Plaintiff/Beneficiary, | )<br>)<br>) |
| v. | )  Civil Action No. 1:05cv00016<br>)  **MEMORANDUM OPINION**<br>)<br>) |
| TRUSTEES, UMWA HEALTH<br>AND RETIREMENT FUND,<br>    Defendant. | )<br>)<br>)  By: GLEN M. WILLIAMS<br>)  Senior United States District Judge |

The plaintiff, Ralph O'Quinn, filed a complaint to recover benefits that he alleges are owed to him under the terms of the United Mine Workers of America, ("UMWA"), 1974 Pension Plan, the successor to the UMWA 1950 Welfare Fund. This matter is before the court on plaintiff's motion for summary judgment, (Docket Item No. 11), and defendants' motion for summary judgment, (Docket Item No. 15). The administrative record has been filed, and the court has heard argument by the respective parties. This court has jurisdiction to decide this matter under § 301(a) of the Labor Management Relations Act, 29 U.S.C.A. § 185(a) (West 1998).[1]

---

[1] Title 29 U.S.C.A. § 185(a) provides: "Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

-1-

*I. Facts*

O'Quinn worked as a miner for Clinchfield Coal Company, ("Clinchfield"), for 23 years without injury. He alleges that he is disabled due to a back injury sustained in the course of his employment at Clinchfield on January 23, 2001. Specifically, he alleges that while he was attempting to get out of a mantrip, he bent over squatted, fell to his knees and turned all in the same motion to go through a mantrap door[2]. This movement caused a popping in his back and a subsequent herniated nucleus pulposus in his back with resulting left leg pain. The defendant, Trustees of the 1974 United Mine Workers Health and Retirement Funds, ("the 1974 Pension Plan"), denies that O'Quinn was involved in a "mine accident" as defined by the Question and Answer 252.

An Administrative Law Judge with the Office of Hearings and Appeals found that O'Quinn had been disabled since January 23, 2001, due to the injury he sustained on that date while maneuvering through a mantrap door in a coal mine. O'Quinn was subsequently awarded Social Security Disability Benefits on May 6, 2002. He then filed for disability benefits under the UMWA 1974 Pension Plan on June 19, 2001. O'Quinn was notified that his claim for benefits was denied on April 3, 2003. He next filed a request for review on May 5, 2003, and a hearing was held on June 10, 2003. Again, O'Quinn's disability claim was denied. Linda Fritz, Assistant Director of the 1974 Pension Plan, upheld the UMWA's decision denying O'Quinn benefits on February 26, 2004, and reasoned that O'Quinn was indeed disabled but he had not

---

[2] A mantrip is a vehicle used to transport miners and supplies, and a mantrap is a metal door often found in block walls constructed in the mines for ventilation or other purposes

-2-

become disabled due to a "mine accident" as required under the 1974 Pension Plan. O'Quinn then filed this action seeking review of the Trustees decision denying him benefits.

*II. Standard of Review*

The 1974 Pension Plan is administered by a Board of Trustees. *See* 26 U.S.C.A. § 9702(b) (West 2002). The Board of Trustees was established under Article XX of the National Bituminous Coal Wage Agreement of 1974. Under the Employee Retirement Income Security Act of 1974, ("ERISA"), 29 U.S.C.A. § 1104(a)(1)(d) (West 1999), the Board of Trustees is bound to administer the 1974 Pension Plan according to its governing documents. The standard of review for decisions made by the Trustees of the UMWA pension plan is limited to an abuse of discretion. *See Hale v. Trustees of UMWA Health & Ret. Funds*, 23 F.3d 899, 901 (4th Cir. 1994); *Boyd v. Trustees of UMWA Health & Ret. Funds*, 873 F.2d 57, 59 (4th Cir. 1989). Therefore, the Trustees' decisions are reviewable only for a finding of an abuse of discretion and will not be disturbed if they are reasonable and not arbitrary and capricious. *Brogan v. Holland*, 105 F.3d 158, 161 (4th Cir. 1997) (quoting *Berstein v. Capital Care, Inc.*, 70 F.3d 783, 787 (4th Cir. 1995)). The question before this court is whether or not the Trustees of the 1974 Pension Plan have correctly interpreted the regulations and whether their opinion is consistent with law, or alternatively, whether their decision is not supported by substantial evidence, is an abuse of discretion or is arbitrary and capricious. *See Boyd*, 873 F.2d at 59.

Case 1:05-cv-00016-GMW-PMS Document 21 Filed 10/14/05 Page 3 of 8 Pageid#: 198

## III. Analysis

There are three requirements for an award of disability benefits under Article II, Part C of the 1974 Pension Plan. First, a participant must show that he was involved in a mine accident. Next, the participant also must show that he became totally disabled as a result of a mine accident. Finally, the participant shall be considered totally disabled only if by reason of such accident such participant is subsequently determined to be eligible for Social Security Disability Insurance Benefits under Title II of the Social Security Act or its successor. *See Buzzard v. Holland*, 367 F.3d 263, 268 (4th Cir. 2004).

The United States Court of Appeals for the Fourth Circuit has held that,

> Under the terms of the UMWA 1974 Pension Plan, a Social Security disability award conclusively establishes the medical disability of the pension applicant. The Pension Plan further requires that the applicant show that he became disabled "as the result of a mine accident." . . . "The only reasonable interpretation of the requirement that total disability be 'the result of a mine accident,' therefore, is that it requires total disability to have been proximately caused by the mine accident. That is, if the plaintiff was injured in a mine accident and that injury, whether in combination with a previous or subsequent condition, is substantially responsible for plaintiff's inability to perform his job and for whatever medical and vocational reasons he is unable to perform an alternative job, then his total disability results from a mine accident."

*Robertson v. Connors*, 848 F.2d 472, 475 (4th Cir. 1988) (quoting *Horn v. Mullins*, 498 F.Supp. 1197, 1200 (W.D. Va. 1980), *aff'd.* 650 F.2d 35 (4th Cir. 1981)).

The only issue contested by the parties is whether O'Quinn was involved in a mine accident when he was injured on January 23, 2001. Due to the 1974 Pension Plan's failure to define the term "mine accident," the Trustees, pursuant to 1974 Pension Plan Article VIII, Part B(1), issued rules and regulations in the form of questions and answers. When making the determination as to whether or not a plan participant was involved in a mine accident, the Trustees of the 1974 Pension Plan look to Question and Answer, ("Q&A"), 252 which provides,

> [A] miner is totally disabled as a result of a mine accident if there is (1) Unexpectedness: The disability must have been unlooked for and unforseen; (2) Definiteness: The disability must be traceable to a definite time, place and occasion, which occurred within the course of the mineworker's employment; (3) Force or Impact: The disability must have been caused by the exertion or impact of some external physical force or object against the body or by the exertion or <u>impact of the body against some external physical object; i.e., not simply the result of the mine worker's own physical condition</u>.[3]

There is no dispute that O'Quinn's injury was both "unexpected" and "definite," as required under Q&A 252. However, the defendants argue that O'Quinn fails to meet the requirement that "force or impact" caused his disability. Specifically, the

---

[3] Q&A 252 lists the following examples of circumstances under which a miner can be considered "disabled as the result of a mine accident:" (a) the miner strikes himself with his own tool; (b) a miner slips and falls; (c) a miner falls or strikes a stationary object while jumping out of the way of a roof fall; (d) a miner falls down a mine shaft; (e) a miner inhales a poisonous gas; (f) a miner jumps across a belt line and lands in such a way that he suffers a disabling injury; (g) a miner falls off a truck; (h) a miner jumps out of the way of an oncoming piece of mine equipment and falls against a hard surface; (i) a miner bumps his head on a solid object; (j) a miner injures his back lifting a heavy object in the normal course of his job; (k) a miner suffers a heart attack while pushing a heavy object in the normal course of his job.

-5-

Case 1:05-cv-00016-GMW-PMS    Document 21    Filed 10/14/05    Page 5 of 8    Pageid#: 200

defendants argue that there was no force or impact against O'Quinn's body or exertion or impact of his body against an external physical object and, therefore, under Q&A 252, O'Quinn's injury cannot be considered a "mine accident." (Memorandum In Support Of Defendants' Motion For Summary Judgment And Opposing Plaintiff's Brief In Support Of Complaint, ("Defendant's Brief,") at 15.)

O'Quinn was injured and became disabled on January 23, 2001, and he was awarded Social Security Disability Insurance as of that date. On the day of O'Quinn's injury, he was maneuvering his way through a mantrap, which was a normal daily occurrence during his employment with Clinchfield. He bent over, squatted and fell to his knees and turned as he was pulling himself through the mantrap door. While engaged in this movement to go through the mantrap, O'Quinn felt something pop in his back. As a result of the back injury, he became disabled due to a herniated nucleus pulposus and resulting back and leg pain.

The defendants argue that the facts and circumstances that led the court in *Vance v. Holland,* 22 F. Supp. 2d 529 (W.D. Va. 1998), to find that the plaintiff therein was not disabled because there was no external force or impact exerted on his body, thus no mining accident, are like the facts and circumstances present in this case, and, therefore, the court's decision in *Vance* is controlling. (Defendants' Brief at 15-16.) However, while this court is bound by the precedent in *Vance*, the facts and circumstances in *Vance* are easily distinguishable from the facts and circumstances at hand. In *Vance,* the plaintiff injured himself at work during a mandatory fire drill. *Vance,* 22 F. Supp. 2d. at 531. In the course of evacuating the mine during the fire drill, the plaintiff in *Vance* had to proceed through a metal

stopping door[4], which was 34 inches by 34 inches, with the bottom of the door starting at about 16 inches above the mine floor. *Vance,* 22 F. Supp. at 531. Being a taller man, the plaintiff in *Vance,* had to crouch to go through the door, and when he crouched he injured his back. *Vance* at 531. There was never any force or impact placed on the plaintiff's body in *Vance* at any time. Thus, there was not a mining accident any more than if the plaintiff in *Vance* had bent down into a crouched position at home and injured his back.

However, unlike the plaintiff in *Vance,* there was force and impact exerted on O'Quinn's body. O'Quinn, was not just simply bending over into a crouched position. O'Quinn bent over, squatted, fell to his knees and turned all in the same motion and was in the process of pulling himself through the mantrap door when he was injured. Falling to one's knees and pulling oneself through a door is an exertion of the body against some external physical object as required by Q&A 252, and, thus, any disabling injury suffered thereof, is the result of a mine accident. Therefore, the defendants erred and abused their discretion by determining that O'Quinn did not become disabled as the result of a mine accident. Accordingly, the court finds that O'Quinn's injury was the result of a mining accident because of the exertion of force and impact of his body against an external physical object as required by Q&A 252. Based on this finding, the court determines that the Trustees' decision denying O'Quinn's disability claim is arbitrary and capricious and must be reversed. Therefore, the plaintiff's motion for summary judgment will be sustained and the defendants' motion for summary judgment will be overruled. An appropriate order will be so entered.

---

[4] This door is what the court and the parties in this case are referring to as a mantrap.

-7-

Case 1:05-cv-00016-GMW-PMS   Document 21   Filed 10/14/05   Page 7 of 8   Pageid#: 202

DATED:   This 13th day of October, 2005.

                                                 /s/ Glenn M. Williams
                                          SENIOR UNITED STATES DISTRICT JUDGE